UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
KARLENE HOGAN, Surviving Spouse and
Executor of the Estate of TIMOTHY HOGAN,
Deceased,

      MEMORANDUM
      DECISION AND ORDER

      Civil Action No. 06-260 (BMC)

      Plaintiff,

   -against-

NOVARTIS PHARMACEUTICALS
CORPORATION,

      Defendant.
----------------------------------------------------------X

Presently before the Court is the application by defendant Novartis Pharmaceuticals Corporation ("defendant") for the taxation of costs in the amount of $38,187.27. Costs for four categories of items are sought: (1) trial transcripts; (2) deposition transcripts; (3) witness fees; and (4) copy fees. The application is opposed by plaintiff. For the reasons set forth below, the application is granted in the reduced amount of $ 5,528.43.

Applicable Standard

Rule 54(d) of the Federal Rules of Civil Procedure generally governs the taxation of costs in federal district courts. It provides:

> Costs Other Than Attorneys' Fees. Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

Fed. R. Civ. P. 54(b). As used in Rule 54(b) "costs" includes only the specific items enumerated

in 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 440–41 (1987). That statute provides that the clerk may tax as costs the following: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where copies are necessarily obtained for use in the case; (5) docket fees under Section 1923 of Title 28; (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services. 28 U.S.C. § 1920.

Local Rule 54.1(c) gives further guidance as to items taxable as costs. It provides in relevant part:

(c) Items Taxable as Costs

(1) Transcripts. The cost of any part of the original trial transcript that was necessarily obtained for use in this Court or on appeal is taxable. Convenience of counsel is not sufficient. The cost of a transcript of Court proceedings prior to or subsequent to trial is taxable only when authorized in advance or ordered by the Court.

(2) Depositions. Unless otherwise ordered by the Court, the original transcript of a deposition, plus one copy, is taxable if the deposition was used or received in evidence at the trial, whether or not it was read in its entirety. Costs for depositions are also taxable if they were used by the Court in ruling on a motion for summary judgment or other dispositive substantive motion. Costs for depositions taken solely for discovery are not taxable. Counsel's fees and expenses in attending the taking of a deposition are not taxable except as provided by statute, rule (including Local Civil Rule 30.1), or order of the Court. Fees, mileage, and subsistence for the witness at the deposition are taxable at the same rates as for attendance at trial if the deposition taken was used or received in evidence at the trial.

(3) Witness Fees, Travel Expenses and Subsistence. Witness fees and travel expenses authorized by 28 U.S.C. § 1821 are taxable if the witness testifies. Subsistence pursuant to 28 U.S.C. § 1821 is taxable if the witness testifies and it

is not practical for the witness to return to his or her residence from day to day. No party to the action may receive witness fees, travel expenses, or subsistence. Fees for expert witnesses are taxable only to the extent of fees for ordinary witnesses unless prior court approval was obtained.

...

(5) Exemplifications and Copies of Papers. A copy of an exhibit is taxable if the original was not available and the copy was used ore received in evidence. The cost of copies used for the convenience of counsel or the Court are not taxable. The fees for a search and certification or proof of the non-existence of a document in a public office is taxable.

"The burden is on the prevailing party to establish to the court's satisfaction that the taxation of costs is justified." *John G. v. Board of Education of Mt. Vernon Public Schools*, 891 F. Supp. 122, 123 (S.D.N.Y. 1995); *see also AIG Global Sec. Lending Corp. v. Banc of America Sec. LLC*, 2011 WL 102715, at *2 (S.D.N.Y. Jan. 06, 2011); *Zacharowicz v. Nassau Health Care Corp.*, 2007 U.S. Dist. LEXIS 20946, at *4–5 (E.D.N.Y. Mar. 22, 2007) ("After the prevailing party demonstrates the amount of its costs and that they fall within an allowable category of taxable costs, that party enjoys a presumption that its costs will be awarded.").

Trial Transcripts

Defendant seeks $5,378.00 in trial transcript costs, including the transcript of the jury selection. According to defendant, it reduced the charges on the invoices by 40% because the invoices do not distinguish costs for real-time transcripts. While defendant maintains that the transcripts were necessarily obtained for use at trial and on appeal, no specifics are provided. According to plaintiff, these costs should not be taxed because (1) the jury selection transcript was not necessarily obtained for trial and is not taxable under the Local Rules, (2) the daily trial transcripts were not necessary for the appeal nor the trial but were received solely for counsel's

3

convenience.

"To assess the losing party with the premium cost of daily transcripts, necessity - beyond the mere convenience of counsel - must be shown." *Galella v. Onassis*, 487 F.2d 986, 999 (2d Cir.1973); *see also Perks v. Town of Huntington*, 331 F. App'x 769, 770 (2d Cir.2009) (unpublished) (citing Galella ). "Use of the transcripts during trial does not per se establish that they were necessary ... and mere convenience to counsel is insufficient to justify taxing the cost." *Natural Organics, Inc. v. Nutraceutical Corp.*, 2009 WL 2424188, at *3 (S.D.N.Y. Aug. 6, 2009) (internal quotation marks and citations omitted). "On balance, courts have occasionally concluded that circumstances warranted the awarding of costs for a daily trial transcript, particularly upon consideration of factors including the amount of representation, the length of the trial, and the complexity of the issues in the case." *Id.* (citing *Galella*, 487 F.2d at 999).

Nothing in the circumstances of this case leads this court to believe that the transcripts were necessarily obtained for use in this case. The trial was not long; testimony lasted less than six days. The case was not overly complicated and there were a sufficient number of attorneys present to allow for the taking of notes for use during cross and summation. *See, e.g., Sims v. City of New York*, 2011 WL 4801363, at *2 (S.D.N.Y. Oct. 11, 2011) (denying costs of trial transcript for trial that lasted less than two weeks, defendant had two attorneys present and trial was not overly complex); *Karmel v. City of New York*, 2008 WL 216929, at *3 (S.D.N.Y. Jan. 9, 2008) (denying transcript costs for trial that lasted less than two weeks and two defense attorneys were present). Moreover, a substantial amount of testimony was presented by deposition. Finally, as plaintiff was the appellant on appeal and thus bore the burden of ordering the transcript to the extent it was needed, the argument that defendant necessarily obtained a daily

transcript for use on appeal is not persuasive. Accordingly, the request to tax the cost of the trial transcripts, including the transcript of the jury selection, is denied.

Deposition Transcripts

Defendant seeks $12,690.00 for the depositions of nine individuals, including the additional cost of videotaping four of the depositions. Plaintiff objects to the costs of Drs. Lane, Palleta and Stanton on the grounds they did not testify at trial (live or otherwise) and were not relied upon in ruling on any dispositive motion in the case. With respect to the remaining depositions, plaintiff objects to the extent that defendant seeks to recover the costs of more than the original and one copy allowed by the Local Rules, as well as the costs of convenience items, including expedited transcripts. Each deposition shall be addressed separately.

Karlene Hogan - Defendant seeks $1,855.00 for this deposition, having reduced the invoiced amount by $200 because the invoice does not separately identify the fees for convenience items such as e-transcripts and ASCII files. In the Court's view, this reduction is insufficient. First, the invoice is for an original and 2 copies and Local Rule 54.1(c)(2) provides for the taxation of only an original and one copy. Second, even with the reduction, the cost for this 162 page deposition comes out to $11.45 per page. In this Court's experience, the cost for an original and one copy of a deposition without expedited service and other convenience items runs anywhere from $3.25 per page to approximately $5.75 per page. Using the high end of the spectrum would result in a cost of $931.50 for plaintiff's deposition. It is this amount that will be taxed.

Hans Klingemann, M.D. - Defendant seeks $410.40 for this deposition (114 pages at a rate of $3.60 per page). As the amount per page is within the range of reasonableness and the

5

invoice does not indicate any convenience items were provided, the full amount will be taxed.

John Pryzgoda, M.D. - Defendant seek $903.00, again reducing the invoice by $200 for convenience items provided but not separately invoiced. Even with this reduction the cost per page for this 88 page deposition is $10.26. Using the rate of $5.75 per page, the amount of $506.00 will be taxed.

Andrew Gazerro, D.M.D. - Having reduced the invoice by $200 for convenience items, defendant seeks $1,493.26 for this 153 page deposition, i.e. $9.76 per page. The amount of $879.75 will be taxed.

Steven Lane, M.D. - Defendant seeks $1,806.50 for this 120 page deposition. Given that Dr. Lane did not testify and his deposition was not used in ruling on a dispositive motion, it would appear the deposition was taken solely for discovery purposes. Accordingly, no costs for it shall be taxed. *See* Local Rule 54.1(c)(2).

Dr. Frank Palletta - The amounts of $2,559.60 for one copy of this deposition and $430.25 for video is sought. Dr. Palletta, a defense expert, did not testify at trial and his deposition was not used in ruling on a dispositive motion. No costs for his deposition or video will be taxed. *See* Local Rule 54.1(c)(2).

Dr. Anthony Mega - Defendants seek a total of $1,414.85 for one copy of Dr. Mega's deposition and video. The deposition invoice indicates that the amount sought is only for one copy and not for any convenience items. The full amount of $1,414.85 will be taxed.

Dr. Robert Marx - Defendant seeks $658.60 and $447.33 for its "pro rata share" of the deposition and video, having reduced the fee by 40% because the invoice does not specify the cost of the expedited transcript. Given that the invoice specifies a rate of $8.95 per page for an

original and one copy expedited and defendants excluded the cost of convenience items in its calculation, the full amount sought, $1,105.93, will be taxed.

Dr. David Stanton - The amount of $728.81 is sought for the deposition and video of this defense expert. Dr. Stanton did not testify at trial and his deposition was not used in ruling on a dispositive motion. Accordingly, no costs shall be taxed. *See* Local Rule 54.1(c)(2).

Deposition costs are taxed in the total amount of $5,248.43.

Witness Fees

Defendant seeks $280.00 in witness fees. As the rate of $40 per day, the witnesses for whom fees are sought and the number of days are all appropriate, the full amount shall be taxed. *See generally* 28 U.S.C. 1821(b) ("A witness shall be paid an attendance fee of $40 per day for each day's attendance.")

Copy Fees

Defendant seeks $19,839.27 for "two full copies of all [its] exhibits (required by court rule), five copies of exhibits introduced through [defendant's] or plaintiff's witnesses, and five copies of all impeachment materials for cross examination." Plaintiff objects to the taxation for copying nearly 235,000 pages plus binders, folders, tabs and labels on the ground that the claimed costs are not properly itemized and clearly exceed anything permitted by the Court's rules.

Local Rule 54.1(c)(5) provides that "a copy of an exhibit is taxable if the original was not available and the copy was used or received in evidence. The cost of copies used for convenience of counsel or the Court are not taxable." There is no assertion in defendant's bill of costs submission that originals were not available. *See, e.g., Settlement Funding, LLC v. Axa*

*Equitable Life Ins. Co.*, 2011 WL 2848644, at *2 (S.D.N.Y. July 18, 2011). Here, the invoice submitted shows multiple copies being made but does not indicate which documents were being copied so as to allow for a determination as to whether the copies were used or received in evidence as opposed to made for convenience; also, the costs of items such as binders and tabs are not taxable under Local Rule 54(c)(5). *Cf. India.com v. Dalal*, 2010 WL 2758567, at *4 (S.D.N.Y. July 13, 2010). Although two full copies of exhibits are required by this Court's individual rules, this is for the convenience of the Court. Similarly, all *five* copies of exhibits and cross examination materials were not needed for submission into evidence. Accordingly, defendant shall not be allowed any copying costs.

Equitable Relief

Plaintiff opposes the imposition of any costs on two grounds. First, she contends that she only brought this action as a representative of her husband's estate, and that any costs would have to be assessed against the estate, which has no assets. She cites no authority for this proposition and I do not accept it. A plaintiff cannot so limit her liability for costs. Her right to indemnification for costs incurred in representing the estate is between her and the estate; she cannot shift the risk of an insolvent estate onto defendant by purporting to appear in a limited capacity.

Second, plaintiff contends that no costs should be assessed at all because the action was brought in good faith and she has no assets to pay costs if they are assessed. In response, defendant points out that third-party funding of products liability claims is a common practice, and that the equitable considerations plaintiff has raised may actually be neutral as to her but confer a benefit on a third party funder who signed on to take that risk. The Court authorized

8

plaintiff's counsel to make a further submission addressed to this issue, allowing it to be made *in camera* if public filing would disclose attorney-client privileged information.

The Court has reviewed this submission and notes the following. First, the submission does not mention the possibility of third-party funding, which leads the Court to conclude that such funding is at least a possibility. If so, there is no equity in sparing such an investor from the costs of this action. Second, the retainer letter between plaintiff and her counsel provides that if there is no recovery, plaintiff's attorneys are responsible for the costs of this action. Plaintiff's attorney notes in his submission that it is improper to reflexively award costs against counsel, citing *Wilder v. GL Bus Lines*, 258 F.3d 126, 129-30 (2d Cir. 2001), and I fully agree with that. I am not going to assess costs against the attorneys; I am assessing them against plaintiff. But the fact that plaintiff's attorneys' appear to have a contractual liability to cover these costs eliminates plaintiff's equitable argument. I don't know how far defendant intends to take this for $5500, or whether plaintiff's counsel will really allow execution on their client to proceed when they appear to have a contractual liability for these costs, but if it turns out that defendant cannot execute against any assets of plaintiff, defendant can always execute on her contractual right to have plaintiff's counsel cover these costs. No matter how the parties proceed, plaintiff's equitable argument fails.

## CONCLUSION

The Clerk is directed to tax costs against plaintiff in the amount of $5528.43.

Dated: Brooklyn, NY
      November 20, 2012

                                  s/BMC
                                 U.S.D.J.